**Linda J. Larkin**, OSB# 792954
E-mail: linda@bennetthartman.com
BENNETT HARTMAN, LLP
210 SW Morrison Street, Suite 500
Portland, OR    97204
Telephone:  503-227-4600
Facsimile:  503-216-6800
Attorney for All Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JERRY HENDERSON, CHARLES JOHNSON, Jr., JAMES WATTS, DEVIN HOSKING, CHRIS HANEY AND SHAWN ECKELBERRY, the TRUSTEES OF THE EMPLOYER-INDUSTRIAL OF THE SHEET METAL WORKERS LOCAL NO. 16 PENSION TRUST | Civil No. 3:19-cv-19-1121 |
| | COMPLAINT |
| | (ERISA Action to Compel an Audit and Compliance with Trust Agreement) |
| Plaintiffs, | |
| v. | |
| CONTAINER MANAGEMENT SERVICES, LLC, a Foreign Limited Liability Company, and MYERS CONTAINER COMPANY, LLC, a Foreign Limited Liability Company, | |
| Defendants. | |

## PARTIES

1.      At all material times hereto, Plaintiffs Jerry Henderson, Charles Johnson, Jr.,

James Watts, Devin Hosking, Chris Haney and Shawn Eckelberry are the Trustees of the

Employer-Industrial Sheet Metal Workers Local No. 16 Pension Trust (the "Trust"), which Trust

COMPLAINT                                                                 Page 1 of 7

is authorized to collect from signatory employers pension benefit contributions and other amounts as set forth in the Collective Bargaining Agreements ("CBAs") executed between the International Association of Sheet Metal, Air, Rail and Transportation Local Union # 16 (hereinafter "Local 16") and defendants Myers Container Company (hereinafter "Myers") and Container Management Services, LLC (hereinafter "Container Management").

     2.     Pursuant to the terms of the CBAs, and pursuant to the Trust Agreement, as amended, of the plaintiffs' Trust, and their policies and procedures the Trustees are authorized to take appropriate action on behalf of the Trust Fund to enforce the terms of the Trust Agreement, as amended, and the terms of the CBAs permitting an authorized representative of the Trustees to enter upon the premises of the employer and examine and copy such records as may be necessary to determine whether the Defendants have made full and accurate payment of all sums required and filed all required reports with the trust funds.

     3.     At all material times hereto, the Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA, administered by Plaintiff Trustees, composed of an equal number of representatives from labor and management designated in accordance with and abiding by the provisions of 29 USC § 186.

     4.     At all material times hereto, Local 16 is a labor organization with its principal office and place of business in Multnomah County, Oregon, representing employees of defendants Myers and Container Management.

     5.     At all material times hereto, defendant Myers Container Company was and is a domestic limited liability corporation registered to do business in Oregon as Myers Container LLC, and defendant Container Management Services was and is a domestic limited liability

COMPLAINT                                            Page **2** of **7**

company registered to do business and operating in the state of Oregon as Container

Management Services LLC.

**JURISDICTION AND VENUE**

6.     This court has jurisdiction over the First and Second Claims for Relief brought

pursuant to Sections 502 and 515 of ERISA, 29 USC §§ 1132(e)(1) and 1145, and pursuant to 29

USC §185 *et seq.*

7.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 USC § 1132 (e)(2).

8.     At all material times to this proceeding, Container Management and Myers were

bound by written CBAs with Local 16.

9.     By virtue of the provisions in the CBAs, Container Management and Myers

agreed the Trust Agreement will be considered a part of the CBA and further agreed to be bound

by all actions taken by the Employer Trustees pursuant to said Pension Trust Agreement.

10.     Plaintiff maintains its principal office in Multnomah County, in the District of

Oregon.

11.     Defendants maintain their principal offices in Multnomah County, Oregon.

FIRST CLAIM FOR RELIEF

INTERLOCUTORY RELIEF OF AUDIT OF RECORDS

12.     Plaintiffs re-allege paragraphs 1 through 11 above as if fully set forth herein.

13.     Under the CBAs, Defendants agreed:

     a.     To file contribution reports for each period of covered employment;

     b.     To pay contributions and amounts owing by the twenty-fifth (25th) day of

the month following each applicable period;

L:\EISM\Myers Container\pleadings\Complaint.docx

    c.      To pay liquidated damages to the Trust Funds for each month of delinquent contributions in a sum which is twenty (20%) percent of the unpaid or delinquent contributions and amounts owing;

    d.      To pay interest at a rate of not less than ten percent per annum from the date contributions were due, until paid; and

    e.      To pay reasonable attorney fees and costs for all collection efforts.

14.    Under the terms of the collective bargaining agreements between Container Management and Myers and Local 16, Container Management and Myers agree to be bound by the terms of the Trust Agreement and the acts and determinations of the Trustees.

15.    The terms of the Trust Agreements provide that the Trustees or their representative may require an Employer to submit to them such records as may be necessary to determine whether the Employer has made full and accurate payment of all sums required and filed all required reports with the Trust.

15.    Container Management and Myers should be required to submit such records and information as may be required by the Trust Fund.  The audit is necessary to determine the accurate amount owing to the Trust funds for the period from January 2016 to the present.

16.    Demand was made upon Container Management and Myers for production of records as may be necessary to determine whether Container Management and Myers made full and accurate payment of all sums required and filed accurate reports with the Trust.   Container Management and Myers failed to comply with the request.

17.    The Trust Agreement provides that in the event that the employer caused the Trustees to initiate legal proceedings due the employer's refusal to permit an examination or provide necessary documentation, then such Employer shall reimburse the Trust for the cost of

COMPLAINT                                      Page **4** of 7

the payroll examination and for the attorney fees incurred in addition to any other obligations the employer may have.

18.     In the event that the audit determines there are unpaid contributions, under the provisions of 29 U.S.C. § 1132 (g) and pursuant to the terms of the Trust Agreement, as amended, by reason of Container Management and Myers' failure to make payments by the due date, Container Management and Myers will be obligated to pay liquidated damages and interest upon the unpaid contributions to Plaintiff which are calculated as set forth under the provisions of the Trust Agreement.

19.     Plaintiffs are entitled to their reasonable attorney's fees incurred herein pursuant to the provisions of 29 U.S.C. § 1132(g)(1) and pursuant to the terms of the Trust Agreement, as amended.

20.     Plaintiffs are entitled to an Interlocutory Order of the Court requiring Defendant to produce all books and records of Container Management and Myers LLC which are necessary for Plaintiff's auditor to complete a full and accurate audit.

SECOND CLAIM FOR RELIEF

RELIEF UPON AUDIT FINDINGS

22.     Plaintiffs re-allege paragraphs 1 through 21 above as if fully set forth herein.

23.     In the event that a discrepancy or shortage in reporting or contributions is revealed by the review of the books and records of Container Management and Myers LLC, the Plaintiffs seek entry of Judgment against Defendants for any delinquent contributions due, audit costs, liquidated damages, interest, attorney fees and Plaintiffs' costs and disbursements incurred herein.

COMPLAINT                                                                    Page **5** of **7**

WHEREFORE, plaintiffs pray for judgment against Container Management and Myers as follows:

1.    Under the First Claim for Relief from Container Management and Myers Container Management and Myers:

    a.    An Interlocutory Order requiring Defendant to produce all books, records, payroll journals, governmental filings related to payroll taxes and incom3e taxes, general check register, time cards, cash disbursements journal, project invoices, bank records, and any and all other papers and reports related to work performed by employees or members of Container Management and Myers LLC for examination by Plaintiffs' auditor and any other business records of Defendant required by Plaintiffs' auditor to complete a full and accurate payroll examination; and

2.    Under the Second Claim for Relief from Container Management and Myers Container Management and Myers:

    a. After the payroll examination has been completed, Plaintiffs request the opportunity to seek entry of Judgment against Defendant for any delinquent contributions due, audit costs, liquidated damages, interest, attorney fees and Plaintiffs' costs and disbursements incurred herein.

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT                                                        Page **6** of **7**

3.    Under all claims for relief above, for plaintiffs' reasonable attorney fees and costs

and disbursements incurred herein.

DATED this __18th__ day of July, 2019.

                                        BENNETT HARTMAN, LLP

                                        s/Linda J. Larkin_____
                                        **Linda J. Larkin**, Oregon State Bar #792954
                                        Telephone:  503-227-4600
                                        E-Mail: linda@bennetthartman.com
                                        **Attorney for All Plaintiffs**

COMPLAINT                                                Page **7** of **7**